UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHARLES JEMISON,

        Plaintiff,

  -against-

LATOYA CORDOBA; CHRISTOP HAYES;
MARIE-CLAUDE WRENN; J. LEBRON,

        Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
05-CV-4416 (NG)

GERSHON, United States District Judge.

Plaintiff, Charles Jemison, currently incarcerated at Attica Correctional Facility, filed this *pro se* action on September 12, 2005. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and grants plaintiff sixty (60) days from the date of this Order to file an amended complaint for the reasons discussed below.

## BACKGROUND

Plaintiff brings the instant complaint against Latoya Cordoba, a private complainant; Christop Hayes, a police officer in the 67th Precinct; Marie-Claude Wrenn, a Kings County Assistant District Attorney; and J. Lebron, a parole officer. Plaintiff's complaint states that on December 12, 2004, he was arrested at his home by police officer Christop Hayes, after the police received a complaint against him by Latoya Cardoba. Plaintiff further states that Assistant District Attorney Marie-Claude Wrenn prosecuted his case for seven months, "until dismissing the charges against me, at which time J. Lebron of the New York State Division of Parole violated me for a crime, and having police contact." Compl. at p. 4. Plaintiff states that he "was not found guilty of, nor tried by jury. The case was dismissed on the __, day of ____, 2005." Id. Plaintiff seeks 1.6 million dollars in damages

1

and "any and all document, photos, finger prints, etc. pretaining [sic] to the arrest returned to me." Compl. at p. 5.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, *or any portion thereof*, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. See also 28 U.S.C. § 1915(e)(2)(B). As plaintiff is proceeding *pro se*, this court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this court must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id.

## DISCUSSION

This action is brought pursuant to 42 U.S.C. §1983. "Section 1983 itself creates no substantive rights[, but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). In order to maintain a §1983 action, a plaintiff must allege not only that "the conduct complained of ... [was] committed by a person acting under color of state law," but also that "the conduct complained of ... deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Moreover, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

2

damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted).

Private Party

As a preliminary matter, the court notes that plaintiff's claim against defendant Cordoba cannot proceed. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendant is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. Defendant Latoya Cordoba is a private individual whose conduct cannot be fairly attributed to the state. Therefore, plaintiff's claim against Cordoba is dismissed. 28 U.S.C. § 1915(e)(2)(B).

Parole Revocation

To the extent that plaintiff challenges his parole revocation, his claim cannot proceed. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

3

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

Heck, 512 U.S. at 486-87. Heck also applies to civil rights actions that challenge the fact or duration of confinement based on the revocation of parole. See Dallas v. Goldberg, 143 F.Supp.2d 312, 322 (S.D.N.Y. 2001). At this time, plaintiff has not established, as he must, that any hearing decision revoking his parole has been invalidated. Davis v. Cotov, 214 F.Supp.2d 310, 316 (E.D.N.Y. Aug. 14, 2002) (§ 1983 claim can only proceed if plaintiff has succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding); Dallas, 143 F.Supp.2d at 322. As such, plaintiff's parole revocation claim against defendant Lebron is dismissed without prejudice. 28 U.S.C. § 1915A; Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999).

Prosecutorial Immunity

Plaintiff's § 1983 malicious prosecution claim for damages against defendant Wrenn likewise cannot proceed. Prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994). As the Second Circuit recently held, "[b]ecause the immunity attaches to the official prosecutorial function, . . . and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, . . ., the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" Shmueli v. City of New York, __ F.3d. __, 2005 WL 2224979, *5 (2d Cir. Sept. 14, 2005) (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987) (citations omitted). Accordingly, defendant Wrenn is absolutely immune from suit and plaintiff's malicious prosecution claim for damages against her is

4

dismissed. 28 U.S.C. § 1915A.

False Arrest

Plaintiff alleges he was falsely "accused and tried." Compl. at 4. To maintain a cause of action under § 1983 for false arrest, plaintiff must show that (1) defendant intended to confine plaintiff, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). A showing of probable cause will defeat all federal and state law claims for false arrest and imprisonment. Jocks v. Tavernier, 316 F.3d 128, 134-35 (2d Cir. 2003); Weyant, 101 F.3d at 852; Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). "Probable cause to arrest exists when an officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Coyle v. Coyle, 302 F.Supp.2d 3, 3 (E.D.N.Y. 2004) (citing Jocks, 316 F.3d at 134). Here, although plaintiff states that the charges against him were dismissed, he does not allege that defendant Hayes lacked probable cause to arrest him on December 12, 2004. See Singer v. Fulton County Sheriff, 63 F.3d at 118 ("a favorable termination of the proceedings is not an element of [the] tort [of false arrest]").

## CONCLUSION

If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). As there may be a valid false arrest claim in this case against defendant Hayes, plaintiff is given sixty (60) days leave from the date of this Order to file an amended complaint against defendant Hayes. Plaintiff is

advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

The claims against defendants Cordoba; Wrenn; and Lebron are dismissed pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B). No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
Dec. 9, 2005